IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noel Alcarez-Guerrero, | No. CV-10-750-TUC-JGZ (JR) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Jacqueline Rateau that recommends denying Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254. (Doc. 18.) As thoroughly explained by Magistrate Judge Rateau, Petitioner is not entitled to relief as the claims raised in his petition were not properly exhausted and/or are without merit. As Petitioner's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Rateau, Petitioner's objections are rejected and the Report and Recommendation is adopted.[1]

## ANALYSIS

Petitioner objects to the Report and Recommendation on three grounds: (1) the Court should consider his procedurally defaulted Claim 4 because Petitioner is actually innocent; (2) 28 U.S.C. § 2254 ("AEDPA") is unconstitutional; (3) the Magistrate erred

---

[1] The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

1   in denying Petitioner's Claims 1, 2, 3 and 5 on the merits.

2   **1.      The Court declines to consider Petitioner's actual innocence claim**

3          Petitioner contends that the Court should consider his procedurally defaulted

4   Claim 4 because he is actually innocent.  (Doc. 21, pg. 4.)  Petitioner did not present this

5   claim at any time in these proceedings prior to filing his Objection.  The Court has

6   discretion, but is not required, to consider evidence presented for the first time in a party's

7   objection to a magistrate judge's recommendation.  *Brown v. Roe*, 279 F.3d 742, 744 (9th

8   Cir. 2002).  The Court declines to exercise its discretion to consider Petitioner's actual

9   innocence claim.  First, the claim is merely conclusory; Petitioner alleges only that he "is

10  innocent of first degree murder."   Conclusory allegations are not sufficient to support

11  habeas relief.  *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995).  In addition,

12  Petitioner has failed to explain his failure to raise the actual innocence claim in his

13  Petition, or in a reply to Respondents' Answer.[2]  *See United States v. Howell*, 231 F.3d

14  615, 623 (9th Cir. 2000) (district court does not abuse its discretion in declining to

15  consider new arguments raised in objection to report and recommendation which were

16  available to counsel before the magistrate's proceedings began).

17  **2.      AEDPA is constitutional**

18         Petitioner's Objection does not allege why Petitioner believes AEDPA to be

19  unconstitutional.   In his Petition, Petitioner argued that AEDPA unconstitutionally

20  suspends the writ of habeas corpus and violates the separation of powers doctrine.  These

21  arguments are foreclosed by *Crater v. Galaza*, 491 F.3d 1119, 1129 (9th Cir. 2007).

22  **3.      The Magistrate Judge correctly concluded that Claims 1, 2, 3 and 5 are
          without merit**

23         **a.      Claim 1**

24         In Claim 1, Petitioner alleges that his natural life sentence was inconsistent with

25  the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270, 288-89 (2007)

26

27  _____

28         [2] Petitioner did not file a reply to Respondents' Answer.

and *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

In *Cunningham*, the Supreme Court held that California's determinate sentencing law violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it gave trial judges the authority to impose an upper term sentence based on aggravating circumstances without submitting the aggravating factors to the jury for factual finding.  According to Petitioner, the trial court sentenced him to natural life after considering several aggravating factors that had not been found by the jury.  However, unlike California's determinate sentencing law, Arizona's first-degree murder statute does not create tiers of punishment, requiring that an aggravating circumstance be found before a natural life sentence is imposed.  Instead, Arizona law "provides the superior court with the discretion to sentence an offender within a range—from life to natural life—for non-capital first degree murder."  *See State v. Fell*, 115 P.3d 594, 598 (Ariz. 2005).   As such, it is in line with *Apprendi* and its progeny.  *See Apprendi*, 530 U.S. at 481 ("we should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment within the range prescribed by statute.")

Similarly, *Alleyne* holds that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S.Ct at 2163.  The *Alleyne* court specifically stated that "our ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and reaffirmed *Apprendi*'s conclusion that judges may exercise discretion in imposing a judgment within the range prescribed by statute.  *Id.*  Accordingly, the Court concludes that Claim 1 is without merit.

### b.    Claim 2

In Claim 2, Petitioner argues that his state court conviction was not supported by sufficient evidence and that the state court's decision rejecting that argument was based on an unreasonable determination of the facts in light of the evidence presented.  According to Petitioner, the state failed to present forensic evidence connecting Petitioner

- 3 -

to the victim's death.  However, as the state court and the Magistrate Judge noted,[3] the jury was presented with ample evidence to support Petitioner's conviction under either a felony murder or accomplice theory of liability: Petitioner admitted to police that he was angry with the victim; he took the victim to the residence where the victim was beaten, knowing the victim's death was planned; he slapped the victim; he spontaneously denied choking or kicking the victim before police disclosed that the victim had died of strangulation and suffered broken ribs; a co-defendant offered to pay Petitioner with money or dope if Petitioner would kill the victim; and the co-defendant stated to Petitioner "I knew you would do this for me."  (Doc. 13, Ex. R, pg. 3; 13-4, Ex. H, pgs. 41-42).  Accordingly, Claim 2 is without merit.

### c.    Claim 3

 In Claim 3, Petitioner argues that his counsel was ineffective for failing to seek a change of venue based on the publicity the murder received.  The Court disagrees. Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   A defendant must first demonstrate that counsel's performance was deficient, *i.e.,* that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment and counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687.  Second, a defendant must show that the mistakes made were "prejudicial to the defense," that is, the mistakes created a "reasonable probability that, but for [the] unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Counsel's performance is strongly presumed to fall within the ambit of reasonable conduct unless Movant can show otherwise.  *Id*. at 689-90.

Petitioner has failed to demonstrate that his trial counsel was objectively unreasonable in failing to request a change of venue.  Due process requires that the trial

---

[3] Petitioner's claim that the Magistrate Judge did not discuss the sufficiency of the evidence (Doc. 21, pg. 10) is inaccurate. (Doc. 18, pg. 18.)

court grant a defendant's motion for a change of venue when the trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere.  *See Harris v. Pulley*, 885 F.2d 1354, 1361 (9th Cir. 1988).  A motion for change of venue must be supported by evidence of presumed or actual prejudice. *Ainsworth v. Calderon*, 138 F.3d 787, 796 (9th Cir. 1998).  Prejudice is presumed when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime. *Id.*  Prejudice is rarely presumed because "saturation" defines conditions found only in "extreme" situations.  *Id.* To establish actual prejudice, the defendant must demonstrate that the jurors exhibited actual partiality or hostility that could not be laid aside.  *Id.*  Petitioner has failed to demonstrate that media coverage of the murder for which he was convicted was "extreme" or that any jurors exhibited actual partiality or hostility.  The media coverage that Petitioner highlights in his petition is largely factual and does not rise to the level of extreme publicity that effectively "corrupts" the trial.  *See Skilling v. United States*, 130 S. Ct. 2896, 2915 (2010).  Accordingly, Petitioner's trial counsel was not deficient for failing to file a motion for change of venue.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996) (failure to take futile action can never be deficient performance).

### d.    Claim 5

In Claim 5, Petitioner argues that his trial counsel was ineffective in failing to present mitigating evidence at sentencing.  Petitioner cannot establish that the Arizona Court of Appeals' ruling on this claim was contrary to, or an unreasonable application of, clearly-established Supreme Court precedent; "there is no clearly established federal law as determined by the Supreme Court" regarding the standard for ineffective assistance of counsel in noncapital sentencing cases.  *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). When the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland,* the Court expressly declined to "consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance."  *Id*. Since *Strickland*, the Supreme

Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context.[4]  *See id.*  Consequently, there is no clearly established law in this context, and Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1) with respect to Claim 5.

**5.     The Court will not grant a certificate of appealability**

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b)(1).  Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. § 2254 to "either issue a certificate of appealability or state why a certificate should not issue."  Additionally, 28 U.S.C. § 2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In the certificate, the court must indicate which specific issues satisfy this showing.  *See* 28 U.S.C. § 2253(c)(3).  A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

//
//
//
//
//

---

[4] The Court disagrees with the Magistrate Judge's characterization of *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) as holding that *Strickland* applies in the context of an attorney's conduct at sentencing. (Doc. 18, pg. 23.) *Lafler* addresses alleged ineffective assistance of counsel during the plea bargaining process.  In addition, as the Magistrate Judge correctly noted, *Lafler* is not retroactively applied.  *See Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 18) is accepted and adopted;

(2) Petitioner's § 2254 Amended Petition (Doc. 1) is denied and this case is dismissed with prejudice;

(3) A Certificate of Appealability is denied and shall not issue; and

(4) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 1st day of October, 2013.


Jennifer G. Zipps
United States District Judge